**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000683
23-SEP-2024
08:17 AM
Dkt. 88 SO**

NO. CAAP-21-0000683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF APARTMENT OWNERS OF NAURU TOWER,
Plaintiff-Appellee,
v.
DAWN CAROL SMITH, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0000131)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Self-represented Defendant-Appellant Dawn Carol Smith

(**Smith**) appeals from the (1) Final Judgment, entered on June 10,

2021, (2) Order Granting Plaintiff Association of Apartment

Owners of Nauru Tower's [**the AOAO**] Motion for Summary Judgment,

Filed April 7, 2021, (**Summary Judgment Order**) entered on June 8,

2021, and (3) Order Granting Plaintiff's Motion for Attorneys'

Fees and Costs Filed on June 21, 2021 (**Attorneys' Fees Order**) entered on November 4, 2021, all entered by the Circuit Court of the First Circuit (**circuit court**).[1]

On appeal, Smith raises four points of error: (1) "Erroneous Ruling of Eligibility Issue -Direct Contravention of §501-101 Voluntary dealing with registered lands"; (2) "Court erred in Granting Attorney's Fees to prevailing party as ruling is erroneous"; (3) "Court erred in awarding attorney's fees more than 90 days after the filing of a post-judgment motion in contravention of [Hawaiʻi Rules of Appellate Procedure (**HRAP**)] Rule 4(a)(3)"; and (4) "Ex Parte Order Filed with Forged Signature Voidable/Sanctionable."[2]

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Smith's points of error as follows:

(1) Smith contends that the circuit court erred by granting the AOAO's motion for summary judgment. The circuit court granted summary judgment, concluding as a matter of law

---

[1]     The Honorable Gary W.B. Chang presided.

[2]     Various sections of Smith's opening brief, including the "statement of points on appeal," fail to comply with HRAP Rule 28(b).  We nevertheless address Smith's contentions of error to the extent discernible, in the interest of affording "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up).

that Smith was not entitled to continue as a sitting member of the AOAO Board because,

> . . . in order to qualify under 514B-107(a) to become a board member an individual must be an owner of a unit at the Nauru Tower condominium. In this case, [Smith] owned unit 1303 by virtue of a warranty deed that transferred ownership of that unit to her, and on November 6th, 2020, [Smith] transferred her ownership in apartment 1303 to a third party. That terminated her ownership in a unit at Nauru Tower and therefore she was no longer qualified to serve as a board member.
>
> So this court determines that because [Smith] was no longer qualified to sit as a board member after November 6th, 2020, when her title ceased, that she cannot serve as a member of the board.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citations omitted). The court applies the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id., at 55-56, 292 P.3d at 1285-86 (cleaned up).

The record reflects that the AOAO satisfied its initial burden of production through its declarations and attached exhibits, specifically Exhibit F of the motion for summary judgment, which was the deed by which Smith transferred

3

title to her Nauru Tower condominium unit to a third party.[3]  Id. at 60, 292 P.3d at 1290 ("a summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial.").

The burden then shifted to Smith, and Smith did not meet her burden of establishing that there is a genuine question of material fact for trial.  The only evidence in the record establishes that Smith signed and executed the deed on November 6, 2020, and that Smith therefore relinquished her ownership of her condominium unit on that day.  Smith did not provide any legal authority in support of her contention that November 16, 2020, the date on which the deed was recorded by the Bureau of Conveyances, was the date on which title officially transferred.  Smith does not provide any evidence to

---

[3]     Regarding Exhibit F, the circuit court noted,

> . . . the deed that is attached to the motion as Exhibit F in which [Smith] transferred title to unit 1303 to a third party was not recorded until November 16th, 2020.  However, in looking at the deed itself, page 2, it recites that the deed is dated November 6, 2020, and when we look at the notary, the grantor, [Smith] executed this document on November 6, 2020.
>
> . . . .
>
> The recording date only binds the rest of the world.  But the parties to the apartment deed are bound when the document is fully executed, and it appears to have been fully executed on November 6, 2020.

establish a genuine question as to her entitlement to remain a member of the AOAO Board after she executed the deed on November 6, 2020.

Smith argues, for the first time on appeal, that the circuit court erred by excluding a "Key Statute [Regarding] Land Court Ownership," namely Hawaii Revised Statutes (**HRS**) § 501-101 (2018), which "codifies the recording date as dispositive of ownership." "Legal issues not raised in the trial court are ordinarily deemed waived on appeal." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) (citations omitted). Smith's argument regarding the application of HRS § 501-101 is thus waived.

The circuit court did not err in granting summary judgment.

(2) Smith contends that the circuit court erred in granting attorneys' fees to the AOAO because, *inter alia*, the circuit court lacked jurisdiction to enter the Attorneys' Fees Order.[4] We conclude that Smith's contention has merit.

Smith correctly notes that the circuit court entered its Attorneys' Fees Order more than 90 days after the AOAO filed its June 21, 2021 Motion for Attorneys' Fees and Costs. "Per HRAP Rule 4(a)(3) an order entered after 90 days 'shall be a

---

[4] We resolve Smith's second and third points of error, relating to attorneys' fees, in section (2) herein.

nullity.'" <u>Cole v. City and Cnty. of Honolulu</u>, 154 Hawaiʻi 28, 29, 543 P.3d 460, 461 (2024). HRAP Rule 4(a)(3) provides, in pertinent part, that

> The presiding court or agency in which [a post-judgment motion for, *inter alia*, attorney's fees] was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed. If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity.

The Hawaiʻi Supreme Court has recognized that the language of these clauses is "plain," and "requires the court to enter [a] post-judgment order within 90 days after the party files the motion." <u>Cole</u>, 154 Hawaiʻi at 31, 543 P.3d at 463.

Here, the record reflects that the AOAO's motion was deemed denied because the circuit court did not enter its Attorneys' Fees Order within 90 days of the AOAO's post-judgment fees motion, and the untimely filed Attorneys' Fees Order was therefore a "nullity." We vacate the circuit court's award of attorneys' fees.[5]

(3) From what we are able to discern, Smith appears to contend that the Summary Judgment Order should be "voided, invalidated and vacated" because the circuit court stamped

---

[5] We note that, even though the circuit court's Attorneys' Fees Order was a nullity, Smith's appeal was nevertheless timely filed. Although "[c]ourts have no power to rule on a post-judgment motion after the 90-day period[,]" "[t]he court's belated action . . . provides notice regarding the time to appeal[,]" and starts the appeal clock. <u>Cole</u>, 154 Hawaiʻi at 32, 543 P.3d at 464.

"Please Note Changes," and incorporated corresponding changes into that order, after she had approved it as to form. The record reflects Smith "approved as to form" the proposed Summary Judgment Order that was submitted to the circuit court on May 21, 2021. Smith contends that the subsequent addition of the "Please Note Changes" stamp "would appear to mean that [the circuit court] wanted all parties to be aware of said changes" and "may not have veered from the original Proposed Order, had [the circuit court] not been made to believe that [Smith] had seen it and signed it."

The circuit court has discretion to revise an order, such that the order is consistent with its decision. See Rules of the Circuit Courts of the State of Hawaiʻi Rule 23(d) ("If a proposed judgment, decree, or order is consistent with the verdict of the jury or the decision of the court, the court shall cause the judgment, decree, or order to be entered forthwith."). A circuit court's modification of a proposed order that has been "approved as to form" does not void or invalidate the order, nor does it render the signature of the person who "approved as to form" a "forgery."

For the foregoing reasons, we affirm the circuit court's Order Granting Plaintiff Association of Apartment Owners of Nauru Tower's Motion for Summary Judgment and Final Judgment. We further vacate the Order Granting Plaintiff's Motion for

Attorneys' Fees and Costs, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, September 23, 2024.

On the briefs:                                    /s/ Clyde J. Wadsworth,
                                                  Presiding Judge

Dawn Smith,
Self-represented                                  /s/ Sonja M.P. McCullen,
Defendant-Appellant.                              Associate Judge

Sharon Paris,                                     /s/ Kimberly T. Guidry,
for Plaintiff-Appellee.                           Associate Judge